IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHAD STEVEN BISHOP                                                            PLAINTIFF

V.                              NO. 12-5118

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Chad Steven Bishop, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for SSI on July 10, 2009, alleging disability due to "abdominal kidney, obesity, hbp, arthritis, depression knee pain, ectopic right kidney." (Tr. 96-102, 142, 146). An administrative hearing was held on June 10, 2010, at which Plaintiff appeared with counsel, and he and his girlfriend testified. (Tr. 27-50).

By written decision dated October 1, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative joint disease, hypertension, morbid obesity, hearing problems, mood disorders, and

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

history of substance addiction disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> sit for 6 hours and stand/walk for 2 hours. He can occasionally lift/carry 10 pounds and frequently less than 10 pounds. He can occasionally climb, balance, crawl, kneel, stoop, and crouch. He cannot do work requiring excellent hearing but he can hear well enough to avoid normal workplace hazards and received simple verbal instructions. He can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct and concrete.

(Tr. 17). With the help of a vocational expert (VE), the ALJ determined Plaintiff had no past relevant work, but that there were jobs Plaintiff would be able to perform, such as small product assembler, small production machine operator, and small product inspector. (Tr. 21). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 20, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) Plaintiff has additional severe impairments; 2) The ALJ improperly determined Plaintiff's RFC; and 3) Plaintiff cannot perform the jobs identified by the ALJ. (Doc. 8).

#### A. Severe Impairments:

Plaintiff contends that the ALJ should have concluded that his headaches were a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

The ALJ specifically addressed Plaintiff's headaches. He noted that on August 20, 2009, Dr. Kenneth Poemceah diagnosed Plaintiff with recurrent headaches, but declined to note any

related functional limitations. (Tr. 15). The ALJ also noted that clinic records from May of 2010 stated that Plaintiff reported daily headaches, but acknowledged being out of his anti-hypertensive medication Lisinopril for nine months. (Tr. 15). An exam revealed hypertension, family history of diabetes mellitus, morbid obesity, acute sinusitis, unspecified, and unspecified tinnitus. (Tr. 327). The ALJ concluded that there was no evidence in the record that headaches had significantly limited Plaintiff's ability to perform basic work activities and therefore considered them a non-severe impairment.

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's conclusion that Plaintiff's headaches were non-severe.

**B.     RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to

determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff would be able to perform sedentary work with certain limitations. (Tr. 17). In reaching this conclusion,. The ALJ considered the medical records as well as Plaintiff's description of his limitations. He also considered each of Plaintiff's impairments separately. (Tr. 18-20). The ALJ determined that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC determination. (Tr. 17-18).

The ALJ noted that with respect to Plaintiff's degenerative joint disease, there was no evidence of progressively worsening symptoms, and that upon examination by Dr. Poemceah, Plaintiff revealed full range of motion of the spine and extremities. He also noted that lumbar spine x-rays showed minimal spurring with good joint space preservation, and right knee x-rays were unremarkable. (Tr. 288). With regard to Plaintiff's hypertension, the ALJ noted Plaintiff's noncompliance with medication, referencing the May 10, 2010 records, wherein Plaintiff reported being out of his anti-hypertensive medication, Lisinopril, for about nine months. (Tr. 18). Although Plaintiff contends that he was unable to afford the medication, no evidence has been presented indicating that Plaintiff was denied treatment for lack of financial resources.

Regarding Plaintiff's obesity, the ALJ referred to the report of Dr. Jeanne H. Curtis, Psy.D., dated August 17, 2009, indicating that Plaintiff reported being generally incapable of performing most activities of daily living autonomously due to obesity. (Tr. 18). The ALJ reported that obesity had been considered and the limitations associated with said obesity incorporated in the RFC. He continued:

> The undersigned finds that the claimant's morbid obesity clearly contributes to the severity of his condition and results in limited mobility and increased health risk. However, the claimant's obesity and any related limitations are not severe to a degree that would limit activities beyond the scope of the residual functional capacity as determined in this decision.

(Tr. 19). The ALJ properly considered Plaintiff's obesity.

As to Plaintiff's hearing impairment, the ALJ concluded that his RFC took into consideration the mild hearing impairment in one of Plaintiff's ears. (Tr. 19). The Court agrees. Finally, with respect to Plaintiff's mental impairment, the ALJ addressed the opinions of the mental health professionals in the record, and concluded that Plaintiff's history of substance addiction disorder and mood disorders and any related limitations were not severe to a degree that would limit his activities beyond the scope of the RFC. (Tr. 20).

The ALJ acknowledged and did not discount all of Plaintiff's complaints, and recognized he did experience limitations. However, he concluded that given the objective medical evidence in the record, Plaintiff's RFC was reasonable, and that Plaintiff could function within those limitations without experiencing significant exacerbation of his symptoms. (Tr. 20). The ALJ stated that he had "considered and essentially concurs with the opinions of the state agency consultants who provided assessments at the initial and reconsideration levels and notes that they also support a finding of 'not disabled.'" (Tr. 20). The ALJ also found that as for Plaintiff's testimony, it was not entirely consistent with the medical evidence as a whole and was discounted to that extent. (Tr. 20).

"Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not

indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). Furthermore, as noted by Defendant, "[A] deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency had no practical effect on the outcome of the case." Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir. 2000). Therefore, even if the ALJ was required to identify the weight given to Physicians' opinions, this is a harmless error that Plaintiff has failed to prove prejudiced him.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ''s RFC finding.

### C.  Jobs Identified by the VE:

After submitting interrogatories to the VE, the ALJ concluded that Plaintiff would be able to perform jobs such as a small product assembler, small production machine operator, and small product inspector. (Tr. 21). In his hypothetical question to the VE, the ALJ stated:

> He can sit for 6 hours and can stand/walk for 2 hours. He can occasionally lift/carry 10 pounds and frequently less. He can occasionally climb, balance, crawl, kneel, stoop, and crouch. He cannot do work requiring excellent hearing but he can hear well enough to avoid normal workplace hazards used. Receive simple verbal instructions. He can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct, and concrete.

(Tr. 202). It was in response to this hypothetical question that the VE provided the three jobs referenced above.

The Court believes the hypothetical the ALJ proposed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). The Court further believes that the VE's

AO72A
(Rev. 8/82)

responses to this hypothetical question constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a small product assembler, small production machine operator, and small product inspector, during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 28th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)